UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ASPHALT PAVING SYSTEMS, INC.,

    Plaintiff,

v.                                                        Case No: 8:21-cv-2189-CEH-CPT

BLACKLIDGE EMULSIONS, INC.,

    Defendant.
_____/

## ORDER

    This matter comes before the Court upon Plaintiff Asphalt Paving Systems, Inc.'s Motion for Partial Summary Judgment (Doc. 12), Defendant's Motion to Continue and/or Deny Plaintiff's Motion for Summary Judgment Pursuant to F.R.C.P. 56(d) (Doc. 14), and Plaintiff's Response to Defendant's Motion to Continue and/or Deny Plaintiff's Motion for Summary Judgment (Doc. 17). Plaintiff moves for partial summary judgment as to liability on its breach of contract claim against Defendant Blacklidge Emulsions, Inc. Defendant moves the Court to continue the motion for summary judgment or deny it to allow Defendant to conduct discovery. The Court, having considered the motions and being fully advised in the premises, will deny the motion for summary judgment, without prejudice, as it is premature.

    Plaintiff filed this action against Defendant on September 15, 2021. [Doc. 1]. The amended complaint, filed on October 5, 2021, asserts claims against Defendant for breach of contract, breach of the covenant of good faith and fair dealing, and

promissory estoppel, arising from Defendant's termination of an agreement pursuant to which Plaintiff would manufacture road maintenance products for Defendant using Defendant's formulas. [Doc. 9]. Defendant filed its answer and affirmative defenses on November 19, 2021. [Doc. 10]. Plaintiff moved for partial summary judgment, on December 1, 2021, arguing that there is no dispute that Defendant materially breached the contract by unilaterally repudiating it without cause. [Doc. 12 at pp. 9-11]. The motion is supported by a declaration from Plaintiff's Vice-President, Ken Messina, dated December 1, 2021—the same day Plaintiff filed its motion. [Doc. 12-1].

"Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex*, 477 U.S. at 323; *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. After a party moves for summary judgment, the non-movant "bears the burden of

calling to the district court's attention any outstanding discovery." *Cowan v. J.C. Penney Co.*, 790 F.2d 1529, 1530 (11th Cir. 1986).

But if the court is convinced that discovery is inadequate, it should deny summary judgment. *See Blumel v. Mylander*, 919 F. Supp. 423, 428 (M.D. Fla. 1996). As Rule 56 implies, district courts should not grant summary judgment until the non-movant "has had an adequate opportunity for discovery." *Snook v. Trust Co. of Ga. Bank*, 859 F.2d 865, 870 (11th Cir. 1988); *see also McCallum v. City of Athens*, 976 F.2d 649, 650 n.1 (11th Cir. 1992) (noting that a party may move for summary judgment only after exchanging "appropriate" discovery). Indeed, "[t]he whole purpose of discovery in a case in which a motion for summary judgment is filed is to give the opposing party an opportunity to discover as many facts as are available and he considers essential to enable him to determine whether he can honestly file opposing affidavits." *Blumel*, 919 F. Supp. at 428 (quoting *Parrish v. Bd. of Comm'r of the Ala. State Bar*, 533 F.2d 942, 948 (5th Cir. 1976)). The Court must be fair to both parties, which means it must allow for an adequate record prior to considering a motion for summary judgment. *Id.*

Plaintiff filed its motion for summary judgment within two months of filing the amended complaint and just over a week after Defendant filed its answer. The parties have not yet filed a case management report, which is due within forty days after any defendant appears in an action. And the parties have not engaged in any form of discovery, except that Plaintiff provided its Rule 26 disclosures on December 1, 2021. Without the taking of discovery in this case, other than the production of Plaintiff's

3

Rule 26 disclosures, the Court finds that summary judgment is premature. *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1064 (11th Cir. 2013) ("Summary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition."). As the Eleventh Circuit has noted, a premature decision on summary judgment impermissibly deprives the opposing party of its right to utilize the discovery process to discover the facts necessary to justify its opposition to the motion. *Vining v. Runyon*, 99 F.3d 1056, 1058 (11th Cir. 1996).

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion for Partial Summary Judgment (Doc. 12) is **DENIED**, without prejudice, as it is premature.

2. Defendant's Motion to Continue and/or Deny Plaintiff's Motion for Summary Judgment Pursuant to F.R.C.P. 56(d) (Doc. 14) is **GRANTED**.

**DONE AND ORDERED** in Tampa, Florida on January 7, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

4